OPINION of the Court, by
Judge Owsiey.
On the 24th September 1806, a settlement of accounts was made between tbe plaintiff and defendant, and a written agreement, under the hands and seals of the parties, then entered into, whereby it was admitted that the defendant was owing the plaintiff a balance of 1500 pounds; and it was agreed between them that the same should be paid by tbe defendant in military lands, which the defendant covenanted he had in the counties of Livingston and Henderson,near the Ohio river, andón Trade Water, of good quality, well adapted for farming, not, subject to overflow, and to lay well, and supposed to be between 2000 and 3000 acres; but as the plaintiff was unacquainted with the land, and no price could he then fixed, it was farther agreed that general Samuel Hopkins should say what the lands were worth, without considering any rise which might have taken place since the 9th of August 1806 : and it was farther agreed that should the land be valued to less than 1500 pounds, other military lands of the defendant’s, of equal quality, were to be valued to make up the deficiency with interest on the amount until the valuation should bo made, and neither party was to create any obstructions to the valuation being made; but should the value of the land exceed the demand of the plaintiff, he bound himself either to pay back the excess in land or other property within twelve months; and deeds were to be executed by the defendant to the plaintiff as soon as the valuation should be made.
Upon this agreement the plaintiff commenced an action of covenant .against the defendant in the Mercer court, and after setting forth the covenant substantially as above described, he alleged for breach that the defendant had no such lands as those described in the covenant to be conveyed, and the failure of the defendant, although specially requested, to procure the land to be valued by Hopkins and convey the same to the plaintiff
*301 To this declaration the defendant filed four several pleas. By the first he alleged that he had always been ready, and is still ready to convey to the plaintiff the land, &c. but the plaintiff had never given him a notice or demanded a conveyance, &c. By the second he alleged that he had always been ready, and is still ready at his own house, &c. to make a deed of conveyance to the plaintiff; and that he never created any obstruction to a valuation by general Hopkins, but the plaintiff never procured a valuation and demanded a conveyance, &c. By the third plea, after craving oyer of the agreement, See. he alleged that a valuation was made by Hopkins of about-acres, partrof the land described in the agreement, to four dollars per acre, but owing to his not knowing the balance, failed and refused to make any valuation thereof; and averred that he has ever been ready and willing, and did offer to convey the lands so valued, and is still ready to convey the same, &c. but the plaintiff refused to receive a conveyance, &c. By the fourth plea he alleged that Hopkins valued part of the land, but refused to value the balance, and that the plaintiff has never since then applied to him to ascertain the value, &c.
To each of these pleas the plaintiff demurred, and upon consideration the court being of opinion his declaration was insufficient, overruled the demurrers and refused to permit the plaintiff to repjy to the pleas, but gave judgment for the defendant.
If the court were correct in supposing the declaration defective, they certainly acted correctly in refusing the plaintiff leave to reply to the pleas : for as it became necessary in deciding on the demurrers to look into the previous pleading, the demurrers should not have been withdrawn without an offer to correct any defect'of which it was proper for the court in giving judgment to consider.
Whether, therefore, the declaration is, or is not sufficient, becomes necessary to determine, as well on reviewing the decision of the court below upon the demurrer as their refusal to permit a replication to the pleas. -
The grounds upon which that court adjudged the declaration defective, as they are not suggested upon the record, are the subject entirely of conjecture with this court. We are unable, however, to discover any solid objections to the declaration. It certainly cannot be *302 defective in consequence of a var iance between the agreement declared upon and the obligation exhibited in the record : for although there is upon the obligation proffered in the declaration a memorandum, signed and sealed by the parties, fixing the time to which the value of the land should refer, and the declaration has been drawn upon the supposition of that memorandum constituting a part of the agreement of the parties, no violation of principle is perceived by so considering it. Nor can the declaration be admitted to be defective for any want of certainty and precision in alleging a demand by the plaintiff for the defendant to procure a valuation by Hopkins and to convey the land: for as the plaintiff is admitted by the agreement between the parties not to have any knowledge of the land, and his concurrence was unnecessary to a perform anee of the covenant on the part of the defendant, it was incumbent upon the defendant, without a request, to proceed presently and procure at his own peril a valuation to be made by Hopkins of the land, and when made to execute deeds of conveyance according to the covenant. It is true, from the nature of the covenant, some time was necessary to a performance by the defendant; but as he might and ought to have proceeded immediately to a performance, an averment of his having been requested to proceed cannot be essential. Were a demand, however, under different circumstances, necessary, we have no doubt but under the circumstances of this case it is not essential: for as a breach is alleged, not in the failure of the defendant only, but in his total inability to convey, it would be preposterous to require of the plaintiff, before he could maintain his action, to make a special demand of the title.
If then we are correct in supposing no averment w as necessary of a demand upon the defendant to procure a valuation by Hopkins, and that it was incumbent upon him to proceed presently and procure the land to be valued and make a title to the plaintiff, it furnishes an answer to the whole of the defendant’s pleas.
The judgment of the circuit court in overruling the demurrers of the plaintiff to the defendant’s pleas, must therefore be reversed, with costs, and the cause remanded to that court for new proceedings not inconsistent with this opinion.